# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00226-CV

---

**K.M.B., Jr., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
NO. 19-0027-CPSC1, THE HONORABLE BRANDY HALLFORD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

K.M.B., Jr., appeals a final order terminating his parental rights to four children, who ranged in age from three to ten years old at the time of trial.[1]  Following trial, the trial court rendered judgment finding by clear and convincing evidence that multiple statutory grounds support terminating K.M.B.'s parental rights and that termination is in the best interest of the children.  *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (O), (b)(2).  K.M.B filed timely appeal.

K.M.B.'s court-appointed counsel has filed a motion to withdraw accompanied by a brief concluding that any appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967) (stating that court-appointed counsel who believes appeal is wholly frivolous should file motion to withdraw "accompanied by a brief referring to anything in the record that might arguably support the appeal"); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex.

---

[1] Mother's rights were terminated before K.M.B.'s case proceeded to trial.

2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights). Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating that there are no arguable grounds for reversal to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-rights termination case). Counsel has certified to this Court that he provided K.M.B. with a copy of the *Anders* brief and motion to withdraw as counsel and a notice of his right to file a pro se brief. K.M.B. did not file a brief.

Upon receipt of an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record and the briefing, we find nothing that would arguably support a meritorious appeal. We thus agree with counsel that this appeal is frivolous and without merit.

We nevertheless deny counsel's motion to withdraw. In *P.M.*, the Supreme Court of Texas explained that a parent's right to counsel in termination suits extends to "all proceedings in [the Supreme Court of Texas], including the filing of a petition for review." *See* 520 S.W.3d at 27. Accordingly, counsel's obligation to K.M.B. has not yet been discharged. *See id.* If K.M.B., after consulting with counsel, desires to file a petition for review, counsel should timely file with the high court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28.

For the reasons stated herein, we affirm the order terminating K.M.B.'s parental rights and deny counsel's motion to withdraw.

 

 

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed:   August 20, 2021